UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRIE RAE LESLIE,<br><br>  Plaintiff<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 5:15-cv-190-GJS<br><br>**MEMORANDUM, OPINION, AND ORDER** |

## INTRODUCTION

This Court now joins the growing consensus of judges in this District concluding that a claimant may not undermine a vocational expert's testimony that significant numbers of a job exist by presenting job statistics never presented to the ALJ that, even if credited, at best creates a conflict in the record that the ALJ is given the statutory prerogative to resolve.[1] Because the ALJ's determination is supported by substantial evidence, the Court affirms.

---

[1] *E.g.*, *Vera v. Colvin*, 2013 WL 6144771 at *22 (C.D. Cal. Nov. 21, 2013); *Villareal v. Colvin*, 2013 WL 3071259 at *5 (C.D. Cal. June 18, 2013); *Valenzuela v. Colvin*, 2013 WL 2285232 at *4 (C.D. Cal. May 23, 2013); *Engrave v. Colvin*, 2013 WL 1661754 at *4 (C.D. Cal. Apr. 17, 2013); *Newsome v. Colvin*, 2013 WL 800699 at *3 (C.D. Cal. Mar. 4, 2013).

## PROCEDURAL HISTORY

On June 9, 2009, Plaintiff Jerrie Leslie applied for disability insurance benefits and supplemental security income, alleging that she had become disabled on January 9, 2008. [Admin. Rec. ("AR") 130-37.] After receiving denials on initial review and reconsideration, Leslie obtained a hearing before an ALJ on April 8, 2011. [AR 39-60, 66-84.] The ALJ issued a written opinion finding Leslie not disabled on April 28, 2011. [AR 22-38.] Leslie appealed to the Appeals Council and submitted additional information. On November 28, 2014, the Appeals Council denied review of the ALJ's decision. [AR 1-7.] This case followed.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Even if Leslie shows that the ALJ committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination[.]'" *Marsh v.*

*Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

## DISCUSSION

### I. Substantial Evidence Supports the Commissioner's Determination that "Dry Clean Worker" Jobs Exist Nationally in Significant Numbers.

At Step 5, Mr. Scott, the vocational expert, identified three positions that a person with Leslie's residual functional capacity (RFC) could perform and provided national and regional position availability as follows: (1) cleaner, Dictionary of Occupational Titles (DOT)[2] position 381.687-018, with ~49,000 positions regionally and > 1 million positions nationally [AR 56]; (2) hand packer, DOT 920.587-018, with ~12,000 positions regionally and 164,000 nationally [*id.*]; and (3) dry clean worker, DOT 361.-687-018, with ~ 2,000 positions regionally and ~40,000 nationally [AR 56-57]. The ALJ adopted the vocational expert's conclusions in his opinion. [AR 33-34.]

Leslie attacks Scott's identification of all three positions. First, she argues that Scott's identification of the first two was error because it relied on an improperly crafted RFC. Second, she contends the third position does not exist in significant numbers in the economy. The Court need not address the former argument because, by identifying the position of "dry clean worker," the Commissioner has met her burden to demonstrate that Leslie could perform some work that exists in "significant numbers" in the national or regional economy, taking into account Leslie's RFC, age, education, and work experience. *See* 42 U.S.C.

---

[2] The DOT, compiled by the United States Department of Labor, includes presumptively reliable data about the number of certain jobs available in the economy. *See* 20 C.F.R. §§ 416.966(d)(1) & 404.1566(d)(1); *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

§ 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.966(a); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014); *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Accordingly, any identification of additional jobs that Leslie could perform, even if erroneous, is harmless error. *See Mitchell v. Colvin*, 584 Fed. App'x 309, 312 (9th Cir. 2014) (finding that erroneous identification of job constituted harmless error where ALJ identified another that existed in significant numbers); *Yelovich v. Colvin*, 532 Fed. App'x 700, 702 (9th Cir. 2013) (same).

Leslie does not argue that the vocational expert's conclusion, if properly relied upon, constitutes substantial evidence of a significant number of jobs in the national economy. Nor could she, given that the Ninth Circuit has held that a national job number much lower than 40,000—the number of national dry clean positions the vocational expert identified here—is "significant." *See, e.g.*, *Gutierrez*, 740 F.3d at 529 (holding that 25,000 national jobs was significant). That fact renders the number of jobs regionally available irrelevant,[3] as the Commissioner must demonstrate a significant number of *either* national or regional jobs. *Id.* at 524 (quoting *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012)) ("If we find either of the two numbers 'significant,' then we must uphold the ALJ's decision"). Accordingly, the only question is whether the ALJ was entitled to rely on Scott's testimony.

The answer is a resounding "Of course." There was no reason not to. Unless the Grids apply, an ALJ must consult a vocational expert. *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006) ("The ALJ can satisfy this [step 5] burden by taking the testimony of a vocational expert or by using the Medical-Vocational Guidelines."); *see Hill*, 698 F.3d at 1161 ("The ALJ may meet his burden at step

---

[3] The Court does not decide whether the approximately 2,000 dry clean worker jobs the vocational expert identified would independently satisfy the requirement to show a "significant" number of jobs in the local economy.

five by asking a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record and reflecting all the claimant's limitations, both physical and mental, supported by the record."). Moreover, the Ninth Circuit has held a vocational expert's expertise is itself a sufficient foundation for his conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."); *e.g.*, *Howard v. Astrue*, 330 Fed. App'x 128, 131 (9th Cir. 2009); *Crane v. Barnhart*, 224 Fed. App'x 574, 578 (9th Cir. 2007). Of course, counsel at the hearing can challenge a vocational expert's expertise, cross-examine Scott's methodology or conclusions, or present contradicting facts to create an evidentiary conflict for the ALJ to resolve. Leslie's counsel did none of these things. He had no "objections to Mr. Scott testifying … as a vocational expert" [AR 55], and posed only one question about his conclusion if the ALJ adopted a different RFC [AR 58]. Clearly, the ALJ could not have erred by failing to consider documents not placed before him.

Of course, this Court reviews the Commissioner's final decision—not just the ALJ's decision. Accordingly, the Commissioner bears an obligation to consider evidence presented to her at the Appeals Council as well. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("[A]s a practical matter, the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is "evidence upon which the findings and decision complained of are based."); *see id.*1160, 1162-63. And sometimes, as Leslie argues, a decision that was supported by substantial evidence at the ALJ stage could cease to be supported by substantial evidence at the Appeals Council. [*See* Dkt. 22, Pl.'s Br., at 14-15 (citing *Brewes*, 682 F.3d at 1163 and *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011)).

This is not such a case. Leslie argues that her supplementation of the record with *Job Browser Pro* data that reflects a lower number of available "dry clean worker"

jobs (that counsel did not present though it existed when the hearing occurred) undermines the vocational expert's testimony. [*See* AR 195-204.] Not so. First, the data is unauthenticated and unsupported by expert testimony. Leslie would have the Commissioner and this Court merely accept her interpretation of the data, which may or may not be reliable. *Cf. Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ may take administrative notice of any **reliable** job information, including information provided by a VE." (emphasis added)). Yet, the entire purpose of vocational experts is to interpret employment data for the ALJ to render a determination. Leslie, unlike Mr. Scott, is not qualified to offer such opinions.

Second, Leslie would have us adopt the bold assertion that this potentially unreliable and unexplained data receives controlling weight to the total exclusion of the vocational expert's testimony.[4] That proposition flies in the face of the "substantial evidence" standard. *E.g.*, *Crane*, 224 Fed. App'x at 578 (holding that ALJ's opinion was supported by substantial evidence where ALJ relied on a proper source for occupational information, even if other occupational data was considered).

---

[4] The Court's opinion should not be read to disparage *Job Browser Pro* generally. Rather, the Court and Commissioner have no basis in the record for weighing the *Job Browser Pro* data Leslie presents. A **properly qualified** vocational expert can and should certainly use the tools of his or her field—which might include *Job Browser Pro*—to formulate an opinion. For this reason, Leslie's citation to approval by other courts and potential use by the Commissioner is irrelevant here. [*See* Pl.'s Br., at 12.] Indeed, by Leslie's own account, in at least some of those cases, *Job Browser Pro* was the basis of a vocational expert's opinion. [*Id.* (citing *Drossman v. Astrue*, 2011 WL 4496568, *8 (N.D. Ohio 2011) and *Cole v. Astrue*, 2011 WL 5358557, *26 (D. Or. 2011)).]

That said, Leslie's proposed takeaway from the *Job Browser Pro* data that there are only 16 dry cleaner employees in the large Riverside-San Bernadino-Ontario region and 175 in all of California is facially preposterous. The apparent inaccuracy of the data here has no effect on the Court's decision, other than to bolster its conclusion that the interpretation and selection of *reliable* employment data is best left to a vocational expert, not counsel.

*At best*, the Commissioner would have an evidentiary conflict in the record that she could resolve either for or against the claimant, supported by record evidence— at least unless the *Job Browser Pro* data is such a knock-out punch that the vocational expert's conclusion is unassailably undermined. That is not where the Commissioner finds herself. Accordingly, the Commissioner makes the final call, and this Court will not disturb it. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("Where 'the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ].'" (citations omitted)); *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Leslie not to be disabled is AFFIRMED.

**IT IS HEREBY ORDERED.**

DATED: December 08, 2015

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE